# No. 25-50227

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

Arieanna Mitchell,

Plaintiff - Appellant

v.

H-E-B, L.P.,

Defendant - Appellee

---

## On Appeal from
United States District Court for the Western District of Texas

1:23-CV-1273

---

## BRIEF OF APPELLANT ARIEANNA MITCHELL

SUBMITTED BY:

Joseph E. Ritch
Elliot & Ritch, L.L.P.
321 Artesian Street
Corpus Christi, TX 78401

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| H-E-B, L.P. | Nissa Dunn of Houston Dunn, P.L.L.C. San Antonio, TX |
| H-E-B, L.P. | Mark Giltner of Giltner & Larios, PLLC San Antonio, TX |

| Appellants: | Counsel for Appellants: |
|---|---|
| Arieanna Mitchell | Joseph Ritch of Elliot & Ritch, L.L.P. Corpus Christi, TX |

S/Joseph E. Ritch
Attorney of record for Plaintiff, Arieanna Mitchell

## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument. This appeal presents significant questions regarding ERISA's statute of limitations provisions, fiduciary duties, and exhaustion requirements that would benefit from oral argument. The case involves complex legal issues with important implications for employee benefit plans and participants' rights that warrant the Court's full consideration through oral advocacy.

# TABLE OF CONTENTS

Contents                                                                                        Page(s)

CERTIFICATE OF INTERESTED PERSONS ...................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ............................................iv

TABLE OF CONTENTS ........................................................................................v

TABLE OF AUTHORITIES................................................................................1

I.    JURISDICTIONAL STATEMENT ..................................................................3

II.   STATEMENT OF THE ISSUES....................................................................3

III.  STATEMENT OF THE CASE.......................................................................4

V.    SUMMARY OF THE ARGUMENT ............................................................6

VII.  ARGUMENT ...........................................................................................7

A.    The District Court Erred in Applying a Two-Year Statute of Limitations, Ignoring the Six-Year Limitation for Fiduciary Breach Claims Pleaded in the Petition ....................................................................................................8

B.    The District Court Erred in Failing to Address H-E-B's Breach of Fiduciary Duty to Provide Treatment, as Pleaded in the Petition.......................10

C.    The District Court Erred in Holding That Failure to Exhaust Administrative Remedies Barred Mitchell's Claims............................................11

VIII.    CONCLUSION AND PRAYER ...............................................................13

CERTIFICATE OF SERVICE..................................................................................14

CERTIFICATE OF COMPLIANCE ........................................................................15

# TABLE OF AUTHORITIES

**Cases…………………………………………………………….…………Pages(s)**


*Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401 (5th Cir. 2003)....................................................................................................................7

*Brown v. Star Enter.*, 881 F. Supp. 257, 259 (E.D. Tex. 1995)...............................12

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)............................................................................................................7, 11

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc)............................. ............................................................................7, 8, 9, 13

*Holmes v. Proctor & Gamble Disability Plan*, 228 F. App'x 377 (5th Cir. 2007)....... .....................................................................................................12

*Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990)........................................12

*Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. 178 (2020).................................9

*Lopez ex rel. Gutierrez v. Premium Auto Acceptance Corp.*, 389 F.3d 504 (5th Cir. 2004)... ...................................................................................................9

*Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016 (5th Cir. 2009). ...........................................................................................................7, 12

### STATUTES PAGE(S)

28 U.S.C. § 1291................................................................................................3

28 U.S.C. § 1331................................................................................................3

29 U.S.C. § 1104...........................................................................................3, 10

29 U.S.C. § 1113.....................................................................................3, 4, 6, 8

29 U.S.C. § 1140................................................................................................4

## RULES PAGE(S)

Fed. R. App. P. 4(a)(1)(A)...............................................................................................3

Fed. R. Civ. P. 56(a)........................................................................................................7

# I.    JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. § 1331, as this case arises under ERISA, 29 U.S.C. §§ 1132 and 1140. This Court has jurisdiction under 28 U.S.C. § 1291 over this appeal from the district court's final judgment entered on February 20, 2025 (ECF No. 27). Appellant filed a timely notice of appeal on March 24, 2025 (ECF No. 28), within 30 days of the judgment, per Fed. R. App. P. 4(a)(1)(A).

# II.    STATEMENT OF THE ISSUES

1. Did the district court commit plain error in applying a two-year statute of limitations to bar Mitchell's ERISA claims, ignoring the six-year limitation for fiduciary breach claims under 29 U.S.C. § 1113, as pleaded in the petition, where Mitchell lacked actual knowledge of the breach until June 15, 2022?

2. Did the district court err in failing to address H-E-B's breach of fiduciary duty under 29 U.S.C. § 1104, as pleaded in the petition, by denying medically necessary treatment and failing to accommodate Mitchell's medical restrictions?

3. Did the district court err in holding that Mitchell's failure to exhaust administrative remedies barred her ERISA claims, despite no strict exhaustion requirement for § 1140 or fiduciary breach claims and evidence of futility?

### III.    STATEMENT OF THE CASE

On October 19, 2023, Arieanna Mitchell filed suit against H-E-B, LP, alleging violations of ERISA, including interference with protected rights under 29 U.S.C. § 1140 and breach of fiduciary duty under 29 U.S.C. §§ 1104 and 1109 for wrongfully denying benefits and treatment (ECF No. 1, at 7-8, lines 5-10). The claims arose from a March 12, 2020, workplace injury at H-E-B's Leander, Texas store, after which H-E-B denied benefits under its Work Injury Benefit Plan and terminated Mitchell's employment on or about June 30, 2020 (ECF No. 1, at 1-9).

H-E-B moved for summary judgment, arguing that Mitchell's claims were time-barred under a two-year statute of limitations for § 1140 claims and that her failure to appeal the June 18, 2020, benefit denial within 180 days barred her claims for failure to exhaust administrative remedies (ECF No. 18). Mitchell responded that her fiduciary breach claim, pleaded in the petition, carried a six-year statute of limitations under 29 U.S.C. § 1113, as she lacked actual knowledge of the breach until discovery on June 15, 2022, and that exhaustion was not required or was futile (ECF No. 19, served August 29, 2024). On January 30, 2025, the magistrate judge recommended granting H-E-B's motion, adopting its SOL and exhaustion arguments without addressing the fiduciary breach claim (ECF No. 24). Mitchell did not file objections, believing the SOL misapplication was clear error under black letter law. On February 20, 2025, the district court adopted the recommendation, granted

4

summary judgment, and dismissed the case with prejudice (ECF No. 26, 27). Mitchell appealed on March 24, 2025 (ECF No. 28).

## IV.    STATEMENT OF FACTS

Mitchell was employed as a cashier at H-E-B's Leander store from January to June 2020 (ECF No. 1, at 2). On March 12, 2020, while working alone, she noticed a customer left items at her register. After a manager threatened disciplinary action, Mitchell ran to return the items, tripped over an unsafe floor transition, and fell, sustaining a concussion, cervical spine sprain, left hip contusion, and left shoulder strain (ECF No. 1, at 2-3; ECF No. 1-1, at 1-8). She sought treatment through H-E-B's Work Injury Benefit Plan and which coincided with doctor-imposed restrictions, including limiting standing/walking to two hours, no kneeling/bending, and avoiding bright lights (ECF No. 1, at 3; ECF No. 1-1, at 3).

H-E-B repeatedly misplaced Mitchell's restriction paperwork and scheduled shifts violating these restrictions (ECF No. 1, at 3-4; ECF No. 1-2, at 1-5). Employees harassed Mitchell about her injuries (ECF No. 1, at 4). Despite Mitchell's and her mother's efforts to communicate her condition, H-E-B's Risk Solutions Representative, Elizabeth Gray, terminated her benefits on June 18, 2020, citing non-compliance with network provider appointments and treatment outside the plan (ECF No. 18, Ex. A-4). Gray instructed Mitchell's doctor to cancel future care,

5

including a neurological referral for seizures (ECF No. 19, at 9; ECF No. 1-1, at 3-4). Mitchell testified she was unaware of the June 5 and June 18, 2020, letters or their contents until discovery in 2022 (ECF No. 19, Ex. A, at 127-129).

H-E-B's Return to Work Program entitled Mitchell to 12 weeks of support per injured body part (48 weeks total for four injuries), but H-E-B misapplied this, limiting her to 12 weeks (ECF No. 1, at 4-5; ECF No. 1-3, at 26). H-E-B terminated Mitchell's employment on or about June 30, 2020, without accommodating her restrictions (ECF No. 1, at 4). Mitchell learned of the wrongful denial and Gray's instructions during discovery on June 15, 2022, and January 13, 2023 (ECF No. 19, at 9).

## V.    SUMMARY OF THE ARGUMENT

The district court committed plain error in granting summary judgment. First, it misapplied a two-year statute of limitations to bar Mitchell's ERISA claims, ignoring her fiduciary breach claim, pleaded in the petition (ECF No. 1, at 8, lines 5-10), which has a six-year SOL under 29 U.S.C. § 1113. Mitchell lacked actual knowledge of the breach until June 15, 2022, making her October 2023 filing timely. Mitchell's decision not to object to the magistrate's report was based on the clear misapplication of black letter law, reviewable for plain error. Second, the court failed to address H-E-B's fiduciary breach, as pleaded, by denying a neurological referral and failing to

accommodate restrictions, violating ERISA's duty of loyalty and care. Third, the court erroneously required exhaustion of administrative remedies, despite no strict requirement for § 1140 or fiduciary breach claims and evidence that appealing post-termination was futile. Reversal and remand are warranted.

## VI.    STANDARD OF REVIEW

This Court reviews a grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-movant. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). Summary judgment is proper only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Legal conclusions, including statute of limitations and exhaustion requirements, are reviewed de novo. *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1018 (5th Cir. 2009). Because Mitchell did not file objections to the magistrate's report, review is for plain error, which exists if the error is clear, affects substantial rights, and seriously impacts the fairness of the proceedings. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## VII.    ARGUMENT

**A. The District Court Erred in Applying a Two-Year Statute of Limitations, Ignoring the Six-Year Limitation for Fiduciary Breach Claims Pleaded in the Petition**

The district court committed plain error by applying a two-year statute of limitations to bar Mitchell's ERISA claims, ignoring her fiduciary breach claim, pleaded in the petition (ECF No. 1, at 8, lines 5-10), which carries a six-year SOL under 29 U.S.C. § 1113. Mitchell did not object to the magistrate's report (ECF No. 24), believing the SOL misapplication was a clear violation of black letter law, but this Court may review for plain error. *Douglass*, 79 F.3d at 1428-29. Section 1113 provides:

No action may be commenced ... with respect to a fiduciary's breach ... after the earlier of (1) six years after ... the date of the last action which constituted a part of the breach ... or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach ... except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach. 29 U.S.C. § 1113.

The petition alleged that H-E-B, as a fiduciary, breached its duties by wrongfully denying benefits and necessary medical care, including a neurological referral, to interfere with Mitchell's rights (ECF No. 1, at 8, lines 5-10; see also ECF No. 1, at

4-5). These claims invoke § 1132(a)(3) (equitable relief for fiduciary breaches) and § 1109 (liability for fiduciary breach), subject to § 1113's SOL. The breach occurred in June 2020, when H-E-B terminated Mitchell's benefits and canceled her care (ECF No. 19, at 9). Mitchell lacked actual knowledge until June 15, 2022, when discovery revealed Gray's instructions to cancel treatment (ECF No. 19, at 9).

In *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. 178, 186 (2020), the Supreme Court held that "actual knowledge" under § 1113 requires proof that the plaintiff was aware of the breach, not merely that information was disclosed. Mitchell testified she was unaware of the June 5 and June 18, 2020, letters or their contents until 2022 (ECF No. 19, Ex. A, at 127-129). H-E-B presented no evidence that Mitchell understood the denial's impropriety before discovery. Thus, the three-year SOL began on June 15, 2022, expiring June 15, 2025. Alternatively, the six-year SOL for fraud or concealment applies, as H-E-B concealed Gray's unilateral decision, extending the deadline to June 2026. Mitchell's October 19, 2023, filing was timely.

The district court erroneously applied the two-year SOL for § 1140 claims (*Lopez ex rel. Gutierrez v. Premium Auto Acceptance Corp.*, 389 F.3d 504, 507 (5th Cir. 2004)), ignoring the fiduciary breach claim's distinct SOL. This clear error, affecting Mitchell's substantial rights to pursue her claims, warrants reversal. *Douglass*, 79 F.3d at 1428-29.

**B. The District Court Erred in Failing to Address H-E-B's Breach of Fiduciary Duty to Provide Treatment, as Pleaded in the Petition**

The district court erred by failing to address Mitchell's claim, pleaded in the petition, that H-E-B breached its fiduciary duty under 29 U.S.C. § 1104 by denying medically necessary treatment and failing to accommodate her medical restrictions (ECF No. 1, at 8, lines 5-10; ECF No. 1, at 4-5). ERISA imposes a duty of loyalty and care, requiring fiduciaries to act "solely in the interest of the participants and beneficiaries" with "care, skill, prudence, and diligence." 29 U.S.C. § 1104(a)(1). H-E-B, as plan administrator, was a fiduciary (ECF No. 1-3, at 23).

The petition specifically alleged that H-E-B's "fiduciary ... [was] responsible for the proper disbursements and application of benefits" and that terminating Mitchell's benefits to interfere with her rights violated ERISA (ECF No. 1, at 8, lines 5-10). This included denying treatment, such as a neurological referral, and failing to adhere to restrictions (ECF No. 1, at 4-5). H-E-B breached its duty by:

a) **Denying Necessary Treatment**: Gray instructed Mitchell's doctor to cancel a neurological referral for seizures, despite the plan doctor's recommendation (ECF No. 19, at 9; ECF No. 1-1, at 3-4). This violated the plan's coverage of medically necessary services (ECF No. 1-3, at 11-12).

b) **Failing to Accommodate Restrictions**: H-E-B scheduled shifts violating Mitchell's restrictions (e.g., exceeding two-hour standing limits) and misplaced her paperwork (ECF No. 1, at 3-4; ECF No. 1-2, at 1-5).

c) **Misapplying the Return to Work Program**: H-E-B limited Mitchell to 12 weeks of support, despite four injured body parts entitling her to 48 weeks (ECF No. 1, at 4-5; ECF No. 1-3, at 26).

These actions prioritized H-E-B's interests over Mitchell's, violating § 1104. The administrative record, including medical records and Gray's correspondence, supports these breaches (ECF No. 1-1, at 3-4). The district court's failure to address this pleaded claim was error, as Mitchell presented sufficient evidence to survive summary judgment. *Celotex*, 477 U.S. at 322.

## C. The District Court Erred in Holding That Failure to Exhaust Administrative Remedies Barred Mitchell's Claims

The district court erred in holding that Mitchell's failure to appeal the June 18, 2020, denial within 180 days barred her ERISA claims. Exhaustion is not strictly required for § 1140 or fiduciary breach claims under § 1132(a)(3), particularly where the plan's process is futile or inadequately communicated.

11

While the Fifth Circuit requires exhaustion for benefit denial claims under §

1132(a)(1)(B) (*Swanson*, 586 F.3d at 1018), § 1140 and fiduciary breach claims seek

equitable relief and are exempt from strict exhaustion requirements. *Ingersoll-Rand*

*Co. v. McClendon*, 498 U.S. 133, 145 (1990). Courts excuse exhaustion where the

plan fails to provide clear appeal procedures or the process is futile. *Brown v. Star*

*Enter.*, 881 F. Supp. 257, 259 (E.D. Tex. 1995).

Here, exhaustion was futile because:

a) **Lack of Knowledge**: Mitchell testified she was unaware of the June 5 and

June 18, 2020, letters or the appeal process until 2022 (ECF No. 19, Ex. A, at

127-129). H-E-B provided no evidence she received or understood the appeal

instructions post-termination.

b) **Termination Context**: H-E-B terminated Mitchell days after the denial,

rendering an appeal to Gray futile, as H-E-B had disregarded her medical

needs (ECF No. 1, at 4-5).

c) **Inadequate Process**: H-E-B's plan does not specify appeal procedures for

terminated employees (ECF No. 1-3, at 19), undermining its exhaustion

argument.

The district court's reliance on *Holmes v. Proctor & Gamble Disability Plan*, 228

F. App'x 377, 379 (5th Cir. 2007), was misplaced, as that case involved a §

12

1132(a)(1)(B) claim. Genuine issues of material fact regarding Mitchell's knowledge and futility preclude summary judgment. *Douglass*, 79 F.3d at 1428-29.


## VIII.    CONCLUSION AND PRAYER

The district court committed plain error by misapplying a two-year statute of limitations, ignoring Mitchell's pleaded fiduciary breach claim with a six-year SOL, failing to address H-E-B's breach of fiduciary duty, and requiring exhaustion of administrative remedies. This Court should reverse the judgment and remand for trial on Mitchell's ERISA claims. Mitchell prays for all further relief to which she is entitled.

SUBMITTED BY:
 /S/Joseph E. Ritch
Joseph E. Ritch
Elliot & Ritch, L.L.P.
321 Artesian Street
Corpus Christi, TX 78401

## CERTIFICATE OF SERVICE

I certify that on May 27th, 2025, the foregoing document was served via ECF on today's date to the following parties/counsel:


Mark A. Giltner
John N. Larios
GILTNER & LARIOS, PLLC
1560 N. St. Mary's St., Suite 1560
San Antonio, TX 78205
mgiltner@giltnerlarios.com
jlarios@giltnerlarios.com
Attorneys for Defendant-Appellee


___/S/Joseph E. Ritch___
Joseph E. Ritch

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1:  this document contains 2,949 words.


2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

    this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.


/S/Joseph E. Ritch